AQUILLA M. REYBURN, Administrator of the Estate of
    MARY H. REYBURN, v. PAUL BAKEWELL, Re-
    spondent.

### St. Louis Court of Appeals, April 23, 1901.

Trust Fund: ACCEPTANCE OF TRUST. In the case at bar, Miss
    Reyburn in effect put in defendant's hands $905.68 in money and
    said to him: "This is yours; keep it for yourself, if you will, if you
    will not accept it as a gift from me, keep it in trust
    until the death of my brother, paying him the interest, after his
    death, give it to the 'Little Sisters of the Poor,' of the city of St.
    Louis." Miss Reyburn parted with all dominion and control over
    the money, it became defendant's absolutely as it was already in his
    hands, to keep as a gift or to hold in trust as he might elect. And
    by his election to treat it as a trust he is now bound to carry out the
    provisions of the trust.

Appeal from St. Louis City Circuit Court.—*Hon. Jacob Klein,*
                                Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

Omitting caption, the petition is as follows:

"Plaintiff states that on or about the twenty-eighth day
of February, 1898, he was, by the probate court within and for
the city of St. Louis, appointed administrator of the estate of
Mary H. Reyburn, deceased; that he duly qualified, and is
now acting as such administrator.

"Plaintiff, for his cause of action, stated that on or about
the ——— day of ————, 1895, at the city of St. Louis,

the defendant received from the plaintiff's intestate, the said Mary H. Reyburn, during her lifetime, the sum of nine hundred and five dollars, to and for the use of her, the said Mary H. Reyburn; that on or about the first day of March, 1898, and before the commencement of this action, the plaintiff demanded payment thereof from the defendant; but that he, the said defendant, has paid no part of the same.

"Wherefore he prays judgment against the defendant for the said sum of nine hundred and five dollars, with interest thereon from the first day of March, 1898, and for his costs herein."

The answer is as follows:

"Now comes the defendant and for answer to plaintiff's petition admits that plaintiff is administrator of the estate of Mary H. Reyburn, deceased. Defendant denies each and every other allegation in plaintiff's petition described.

"Further answering, defendant states that on or about the twenty-third day of November, 1895, said Mary H. Reyburn, now deceased, gave and delivered to him absolutely the sum of $905.68. Plaintiff states that he now holds said sum for the following purposes: to loan the same and pay the interest or income thereof to Aquilla Reyburn, plaintiff herein, during his life, and upon his death to deliver said money to the Little Sisters of the Poor, of St. Louis.

"And plaintiff says that he now has and holds said sum of $905.68 for the said purposes, claiming no interest therein save as trustee as aforesaid."

The reply was a general denial.

The case was submitted to the court sitting as a jury on the following agreed statement of facts:

"On or about November 23, 1895, the defendant, who, for many years had been a close personal friend as well as legal

Vol 88 app—41

and business adviser of the deceased, Miss Mary H. Reyburn (who died on or about the thirteenth day of February, 1898, at the age of 85 years), and had had certain of her securities in his hands for investment and safe keeping, and as an accommodation to deceased, made a settlement with said Mary H. Reyburn of her affairs, wherein and whereby it was agreed between them that the balance in defendant's hands belonging to deceased was $905.68, which balance deceased then and there disposed of according to the written statement and settlement of account, signed by the parties and delivered to said Bakewell, and of which the following is a copy:

"St. Louis, Mo., November 23, 1895.

"Miss Mary H. Reyburn,

"No. 3510, Lindell Ave., City:

"Dear Miss Reyburn:   On October 25, 1895, I gave you the check of the Mississippi Valley Trust Company for three thousand and twenty four dollars and seventeen cents, being for the proceeds of your Tyler estate bonds, which check, I understand, you cashed, and gave the money to Rev. Father Grimmelsman, of the St. Louis University, as a gift from you for the St. Xavier (Roman Catholic) Church.

"On June 19, 1894, I had in my hands, belonging to you, two thousand nine hundred and five dollars and sixty eight cents.   On that date I made out a note for that amount, preferring to put the matter in that shape, the note being intended merely as and evidence of the amount due you, and which I then had in my hands.   As this amount is also evidenced by my statement rendered to you, there was no necessity for keeping the note, and it has been destroyed.

"Yesterday you expressed the wish that two thousand dollars of this money should be given to Father Grimmelsman, of the St. Louis University, for the benefit of the St. Xavier Jesuit (Roman Catholic) Church.   This matter I arranged to-day

with Father Grimmelsman, so that your total gift to this church is five thousand and twenty four dollars and seventeen cents, assuming that you gave all the proceeds of your above named bonds to Father Grimmelsman.

"Deducting the above-named two thousand dollars · from the above-named sum of two thousand nine hundred and five dollars and sixty eight cents, leaves a balance due you by me of nine hundred and five dollars and sixty-eight cents.

"Yours sincerely,

(Signed)        "PAUL BAKEWELL.

"I hereby recognize the above to be a true and correct statement of all moneys due me by Paul Bakewell, and, in view of the fact that said Paul Bakewell has attended to matters of business for me for many years, I hereby give him the above-named balance of money, nine hundred and five dollars and sixty-eight cents.

(Signed)        "MARY H. REYBURN.

"November 23, 1895.

"Afterwards, and on November 24, 1895, defendant called upon deceased at her residence, and expressed his unwillingness, upon further consideration, to accept said sum of money from her. Deceased insisted upon making this disposition of the fund, but, after some discussion between them, deceased stated that she would make no further will and no other disposition of her property; that she knew her mind, and that defendant should not be so squeamish; but suggested that if defendant was unwilling to accept this money absolutely, he could, if he preferred it to the absolute gift, keep it and use it during her life, and after her death pay such interest as he could get on it to her brother, Acquilla Reyburn, plaintiff herein, and after the death of said Acquilla Reyburn pay the fund absolutely to the Little Sisters of the Poor, of the city of St. Louis. Defendant then accepted the money on these terms.

"Whereupon deceased expressed relief at having entirely disposed of everything she had, saying that she had a monthly income for life which was ample for her needs, and she had now given away all her property of every kind, and having nothing left had destroyed her will for which there was now no need; and she felt much relieved to think that there would be nothing left after her death to necessitate administration on her estate, and no need of a last will, the publishing of which would necessarily make public her charities therein contained. At this time, as theretofore, Miss Mary H. Reyburn, deceased, was of clear and strong mind, able to be about and go out of doors, and exceptionally active, mentally and physically, for one of her years.

"Defendant has had this money ever since November 23, 1895, and when the matter was mentioned by deceased, shortly afterwards, on at least two occasions in casual conversation with defendant, she again expressed satisfaction that she had given away everything that she then had above her monthly income.

"After Miss Reyburn's death, defendant, upon being informed that the administrator of her estate claimed this money, placed the same on deposit in the Mississippi Valley Trust Company, of St. Louis, to his credit as trustee, where this money now stands on deposit at interest.

"After Miss Reyburn's death, defendant, in conversation with B. H. Charles, Esq., plaintiff's attorney, in answer to Mr. Charles's question, stated that had Miss Reyburn, after November 24, 1895, the date of the final agreement between them, demanded this money of him, he might have given it back to her. Defendant, however, recognized at all times, from Miss Reyburn's repeated statements, that she intended to part absolutely with all right in or control over this money when she made the agreement with him at her residence on November 24, 1895."

Plaintiff moved the court to declare that under the evidence plaintiff was entitled to recover. This the court refused and gave the following declarations of law:

"The court declares the law to be that although the deceased by her directions given the defendant on the twenty-fourth day of November, 1895, may have intended to make a gift of the fund in question to him, yet, if the court, sitting as a jury, believes and finds from the evidence that it was also her intention thereby to make a post mortem disposition of the same in order to avoid the necessity of making a will and to evade the statutes prescribing the formalities for the execution of wills, then the finding and judgment must be for the plaintiff.

"The court declares the law to be that although the court, sitting as a jury, may believe and find from the evidence that the deceased intended to make a gift of the fund sued for to the defendant, yet if he also believes and finds from the evidence that, at the time of the alleged gift, there was no change in the character of the defendant's possession of the fund, or that there was no redelivery thereof to him, then the finding and judgment must be for the plaintiff."

The court found the issues for the defendant. After an unavailing motion for rehearing plaintiff appealed.

*Charles & Lackey* for appellant.

(1) The burden of proof is on the party claiming by way of gift or trust, and if the alleged trust lie in parol, the evidence to establish it must be clear and well nigh conclusive. Pitts v. Weakley, 155 Mo. 109. If defendant claims the fund by way of absolute gift, the alleged gift fails for lack of delivery. Nasse v. Thoman, 39 Mo. App. 183; Vogel v. Gast, 20 Mo. App. 104; Scott v. Lauman, 104 Pa. St. 593. If he claims by way of trust, it is void both for indefiniteness and

for failure to deliver. Harris v. Clarke, 3 N. Y. 93, 121. (2) An imperfect gift can not be construed as a trust. Pitts v. Weakley, 155 Mo. 109; Young v. Young, 80 N. Y. 422; Flanders v. Blandy, 45 Oh. St. 115. (3)   The evidence shows no intention, on the part of the deceased, to create a trust.   She first attempts to make an absolute gift in writing to the defendant, in satisfaction of her indebtedness to him; and this being declined by him, she pays the debt by telling him to use the money as long as she might live, and then gives him certain eral directions as to what to do with it after her death.   (4) The creation of the alleged trust, or the making of the alleged absolute gift (whichever of defendant's defenses is to be taken) was intended by the deceased to be in lieu of any "further will;" all the evidence shows that, at the time, she had in mind a post mortem disposition of all the property which she then had; her act was clearly intended to be testamentary; and it was therefore void for failure to comply with statutory requirements.   R. S. 1899, sec. 4604; McCord v. McCord, 77 Mo. 166; Haydock v. Haydock, 34 N. J. Eq. 575; Nutt v. Morse, 142 Mass. 1, 3; Huey v. Huey, 65 Mo. 689, 696; Tygard v. McComb, 54 Mo. App. 93.

*Hornsby & Harris* for respondent.

The agreed statement of facts upon which this case was tried, showing, as it does, such delivery as the circumstances permitted, of the property by the donor to the donee with the intention on the part of the donor to part with her right in, and dominion over, the property, and acceptance by the donee, whose ownership took effect immediately and absolutely, leaving nothing essential to be done in the future, proves a valid gift of this money to respondent, as trustee for the purposes mentioned in the statement of facts.   Thomas v. Thomas, 107

Mo. 463; Keyl v. Westerhaus, 42 Mo. App. 56; Tygard v. McComb, 54 Mo. App. 92; Mize v. Bank, 60 Mo. App. 358; In re Soulard, 141 Mo. 642; 8 Am. and Eng. Ency. of Law, p. 1319, and note, and cases cited. In cases of gifts in trust of this nature, the donor may provide that the trustee shall retain possession of the property during the life of the donor, and at his death deliver it to the donee. 8 Am. and Eng. Ency. of Law, p 1318, and note.

BLAND, P. J.—The agreed state of facts decide the case without anything more. Miss Reyburn, in effect, put in defendant's hands $905.68 in money and said to him "this is yours, keep it for yourself, if you will, if you will not accept it as a gift from me, keep it in trust until the death of my brother, paying him the interest, after his death, give it to the Little Sisters of the Poor of the city of St. Louis." Miss Reyburn parted with all dominion and control over the money, it became defendant's absolutely as it was already in his hands, to keep as a gift or to hold in trust as he might elect. He has generously elected to treat it as a trust and has assumed the obligations of a trustee in respect to it. By his election he is now bound to carry out the provisions of the trust and should be permitted to do so without hindrance, for the trust is a sacred one and should not be disturbed.

The judgment is for the right party and is affirmed. All concur.